IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DARRELL LAMONT BOSTICK,           )
                                  )
            Petitioner,           )
                                  )
        v.                        )   1:08CV326
                                  )   1:05CR200-1
UNITED STATES OF AMERICA,         )
                                  )
            Respondent.           )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF MAGISTRATE JUDGE ELIASON

Petitioner Darrell Lamont Bostick, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 37.)[1] Petitioner was indicted, based on his possession of a pistol, for a single count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Docket No. 1.) Petitioner went to trial, but was convicted on that charge. (Docket No. 15.) He was subsequently sentenced to 104 months of imprisonment. (Docket No. 22.) Following an unsuccessful direct appeal (Docket Nos. 35, 36), Petitioner brought his present motion. Respondent has filed a response (Docket No. 41), Petitioner has filed a reply (Docket No. 43), and the § 2255 motion is now before the Court for a decision.

### DISCUSSION

Petitioner sets out three possible claims for relief in his motion, all of which are based on allegations of ineffective

---

[1]This and all further cites to the record are to the criminal case.

assistance of counsel.  In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance.  See Strickland v. Washington, 466 U.S. 668 (1984).  Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations.  See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999).  A petitioner bears the burden of affirmatively showing deficient performance.  See Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994).  To establish prejudice, Petitioner must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.  Strickland, 466 U.S. at 694.

Here, Petitioner first claims that counsel was ineffective because he did not move to dismiss the indictment.  Petitioner believes that counsel should have made that motion based on an argument that, because North Carolina law allowed him to possess handguns in his home, his possession of the pistol at issue in this case was legal under federal law.  This belief is incorrect. Even if North Carolina law allowed Petitioner to possess a firearm in some instances, he could not possess firearms at all under federal law.  This is because, if state law prevents possession of any type

of firearm based on a person's past convictions, the person cannot possess any type of firearm under federal law. This is true even as to the firearms allowed by the state. Caron v. United States, 524 U.S. 308, 312-17 (1998); United States v. Farmer, 49 Fed. Appx. 487 (4th Cir. 2002)(rejecting argument that N.C. Gen. Stat. § 14-415.1(a) immunized felon from conviction under 18 U.S.C. § 922(g)). Petitioner does not claim that his rights to possess firearms had been fully restored as to every type of firearm. Therefore, he could not possess any firearm under federal law. His counsel had no valid grounds on which to base a motion to dismiss. Petitioner has shown neither error nor prejudice. Therefore, his first claim for relief should be denied.

Petitioner's second claim for relief is also based on an allegation of ineffective assistance related to North Carolina law. He contends that counsel prejudiced him by failing to locate and call two Richmond County deputy sheriffs as witnesses at his trial. According to Petitioner, they would have testified that they had given he and his girlfriend permission to possess a firearm in the residence where he was found with the gun. Although Petitioner and his former counsel have given different reasons why the officers were not called, the reasons are irrelevant because the officers' testimony could not have impacted the case. The testimony Petitioner claims they would have given would only go to the defense that he sets out in his first claim for relief, i.e. that North Carolina law or its officials allowed him to possess the firearm in question. As already stated, federal law did not allow

him to possess the weapon even if North Carolina did. Any permission given by state or county officers would not have changed this fact. Counsel did not err by not attempting to introduce irrelevant testimony and Petitioner was again not prejudiced.[2] This claim too should be denied.

Petitioner's third, and final, claim for relief was one for ineffective assistance related to selective prosecution. He alleged that he was selectively prosecuted based on his race because he, an African American, was prosecuted for possessing the firearm, while his Caucasian girlfriend, who was also a convicted felon, was not prosecuted. Respondent responded by noting that the girlfriend was later prosecuted and convicted for possession of a different firearm, that the gun in Petitioner's case was found under a sofa pillow upon which he was lying, and that the Assistant United States Attorney who handled Petitioner's case is herself African-American. In his reply, Petitioner states that he has now waived and abandoned this claim and that the Court need not consider it. (Docket No. 43 at 7.) Both for that reason, and for the reasons set out in Respondent's brief, the claim should be denied along with the other claims for relief.

---

[2]Petitioner makes an argument that the two witnesses could and should have been called to support a jury nullification defense. However, neither defense counsel nor anyone representing a defendant is allowed to encourage a jury to exercise the power of nullification. United States v. Muse, 83 F.3d 672, 677 (4th Cir. 1996). Counsel could not have presented witnesses for this purpose.

-4-

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to vacate, set aside, or correct sentence (Docket No. 37) be **DENIED** and that Judgment be entered dismissing this action.

_/s/ Russell A. Eliason_
**United States Magistrate Judge**

September 23, 2008